UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SARAH KATHERINE SUSSMAN,

    Appellant,

v.                                      Case No. 8:19-cv-1472-T-02
                                       (Bankr. No. 8:17-ck-8959-RCT)

ESTATE OF JOHN J. GAFFNEY,

    Appellee.
_____/

## **O R D E R**

This matter comes before the Court upon the appeal of Sarah Katherine Sussman. Appellant seeks review of orders from Bankruptcy Case No. 8:17bk-8959-RCT, specifically those entered June 3, 2019. Dkts. 13-2, 13-3.[1] This Court affirms the orders.

The gravamen of this case concerns an adverse ruling that Appellant, as a trustee holding property, received in the Circuit Court for the Thirteenth Judicial Circuit. In that matter, the state probate court entered an order divesting Appellant trustee of ownership of a house in Tampa, Florida[2] and, in effect, placing the deed to house into the estate of John J. Gaffney, Appellant's grandfather. The date of

---

[1] Also found at Dkts. 16-10, 16-11.

[2] 119 S. Clark Street, Tampa, Florida.

this final order was October 16, 2017. The administrator of the grandfather's estate is Appellee. This adverse ruling remains in effect, and was affirmed upon appeal by the Florida Second District Court of Appeal. Both the state trial and appellate courts denied stays of the final judgment pending appeal. That matter as to property title is now final, and not subject to further review.

The controlling fact of the case is that this transfer of property by final judgment occurred over one week prior to the filing of any bankruptcy petition. Appellant filed this bankruptcy case after sheriff's deputies came to enforce the writ of possession.

Appellant simply did not own the house as a matter of law or fact when she filed the bankruptcy petition. That means the bankruptcy estate never possessed the house. Whether or not the house was subject to the Florida homestead exemption at one time[3] was simply not relevant: the house was never present in the bankruptcy estate when the petition was filed. Likewise, whatever Appellee may have done to control or possess the house is irrelevant to any bankruptcy automatic stay, as the house was simply dehors the estate.

---

[3] The record shows Appellant "filed for homestead" after the circuit court's order divesting her of title. *See* Dkt. 13-2 at 20 (also found at Dkt. 16-10 at 20). Factually, it seems highly unlikely Appellant would have qualified given her status as trustee and her residence out of State.

This Court has read the appellate briefs and filings and their appendices closely. The Memorandum Decision Following Trial on Contested Matters, entered June 3, 2019 by Judge Colton, is thorough, sound, and hereby affirmed. Dkt. 13-2. Because Appellant did not own the house at the time the petition was filed, there is no error in fact in the findings that any proper homestead exemption was not present, and could not be abrogated by the bankruptcy court. Likewise, the bankruptcy court made no error in fact in denying claimed damages against Appellee for violation of an automatic stay vis a vis the house.

Given the current state of affairs, it would seem that any other issues presented by the Appellant are moot or nearly so. This Court does not sit in review of a state circuit judge on this type of final order in a state law probate matter (now affirmed on the merits) which predated the establishment of the estate in bankruptcy.

The sanctions imposed upon Appellant by the bankruptcy court including dismissal were based upon facts determined after a hearing, relating to evidence spoliation and a fact-based finding that the debtor did not take the required credit counseling course prior to filing. Dkt. 13-2 at 22-23. The bankruptcy judge cited legal precedent supporting that ruling. *Id*. Those facts found are not clearly erroneous on this record. *See, e.g., In Re Downtown Properties, Ltd.*, 794 F.2d

647, 651 (11th Cir. 1986) (stating that facts found by bankruptcy court subject to clearly erroneous standard).[4] The sanction of dismissal seems much less dire here, when one considers the very few potential remedies or benefits available to the Appellant via continuing in bankruptcy. The state circuit court judge entered a final order on title to the Clark Street house in a probate matter. That order was affirmed and is final, however harsh that result may be to Appellant. Neither the state probate judge nor Appellee impaired a bankruptcy estate, as the Court below properly found.

**AFFIRMED**. The Clerk shall close this matter.

**DONE AND ORDERED** at Tampa, Florida, on September 13, 2019.

    s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[4] Also not clearly erroneous is the finding that the Appellee, the administrator of the Gaffney estate, was appointed as an ad litem representative to pursue the interest of the estate.